UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAWANA R. WYATT, as Administrator of the Estate of INDIA T. CUMMINGS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF LACKAWANNA, CITY OF LACKAWANNA POLICE DEPARTMENT, OFFICER JOHN-PAUL FIGLEWSKI, OFFICER BALCARCZYK, OFFICER JONES, CAPTAIN JOSEPH LEO, CAPTAIN ROBERT JANOWSKI, COUNTY OF ERIE, ERIE COUNTY SHERIFF'S OFFICE, SHERIFF TIMOTHY B. HOWARD, SHERIFF'S DEPUTY BEARING BADGE 1079, AMY JORDAN, R.N., BRIDGET LEONARD, HOLLANI GOLTZ, JILL LOBOCHIARRO, UNIVERSITY PSYCHIATRIC PRACTICE, INC., PETER MARTIN, M.D., EVELYN COGGINS, M.D., TOM CHAPIN, M.D., ERIE COUNTY MEDICAL CENTER CORPORATION, GERALD IGOE, M.D., TARA M. CIESLA, P.A., UNIVERSITY EMERGENCY MEDICAL SERVICES, INC., <br><br> Defendants. | File No. 1:17-cv-446-wks |

**OPINION AND ORDER**

Plaintiff Tawana Wyatt, as administrator of the Estate of India Cummings, brings this action alleging unlawful acts related to Cummings's arrest, incarceration, and medical treatment. The Court held a hearing on all pending motions on April 10, 2018, and granted Plaintiff's motion for leave to file an Amended Complaint (ECF No. 26). Still pending before the Court are: the

motion for judgment on the pleadings filed by the County of Erie, the Erie County Sheriff's Department, and Erie County Sheriff Timothy B. Howard (collectively "County Defendants") (ECF No. 10); the motion for judgment on the pleadings filed the City of Lackawanna and the Lackawanna Police Department (collectively "City Defendants") (ECF No. 28); and the motion to dismiss filed by defendants Peter Martin, M.D., Evelyn Coggins, M.D., and Tom Chapin, N.P. (collectively "Medical Defendants") (ECF No. 35).

The Court will address those motions in part in this opinion, and in part in a subsequent opinion. The arguments set forth in Defendants' motions will be considered insofar as they apply to the Amended Complaint. The Court's initial rulings are as follows.

## I. County Defendants' Motion for Judgment on the Pleadings

The County Defendants have moved for judgment on the pleadings, arguing first that the Complaint is conclusory and should be dismissed. The Court has granted Plaintiff leave to amend the Complaint, and has determined that the Amended Complaint provides facts that are sufficient to state a plausible claim for relief against the County Defendants. The motion to dismiss on that basis is therefore **denied**.

The County of Erie next claims that it cannot be held liable under a theory of vicarious liability or *respondeat superior* for the actions of the Sheriff or the Sheriff's Deputies. This point

is conceded by the Plaintiff.  ECF No. 19 at 5.  Accordingly, any vicarious liability claim against the County for actions of the Sheriff or the Sheriff's Deputies is **dismissed**.

The County Defendants also contend that state law tort claims, including negligence, against the Sheriff are barred by the one-year statute of limitations set forth in N.Y. C.P.L.R. § 215.  *See Adams v. Rensselaer Cty.*, 496 N.Y.S.2d 996, 996 (1985). Plaintiff does not dispute this point, but notes that the wrongful death and Section 1983 claims brought against the Sheriff are timely.  *See 423 S. Salina St., Inc. v. City of Syracuse*, 510 N.Y.S.2d 507 (1986) (three-year limitations period applies to Section 1983 actions); *Stein v. Chiera*, 14 N.Y.S.3d 133, 137 (N.Y. App. Div. 2015) (two-year limitations period applies wrongful death actions).  Accordingly, the state law tort claims against the Sheriff, as well as the newly-named Sheriff's Deputy, are **dismissed**.

All movants, including the County Defendants, have requested dismissal of Plaintiff's loss of society claim.  Plaintiff again concedes the point, as New York law does not allow a loss of society claim in connection with a wrongful death action.  That claim is therefore **dismissed**.  However, Plaintiff seeks to preserve a claim under *Abruzzo v. City of New York*, 649 N.Y.S.2d 172, 173 (1996), in which the court allowed the jury to consider evidence of pecuniary injuries suffered by a mother as a result

3

of her son's wrongful death.  The Court will allow Plaintiff to pursue a claim consistent with the ruling in *Abruzzo*.

The County Defendants' remaining arguments remain under advisement as set forth in Section IV below.

## II.  City Defendants' Motion for Judgment on the Pleadings

The City Defendants contend that the allegations against their employees pertain only to the arrest, arraignment, and transfer of Cummings to the Erie County Holding Center, and that those activities took only a few hours.  The Amended Complaint, however, alleges that the City police engaged in excessive force that caused Cummings significant injuries in violation of her constitutional rights.  As the Court noted at the April 10, 2018 hearing, those claims are sufficient to state a plausible Fourth Amendment claim of excessive force.

Also, although it is a very close question, Plaintiff has alleged sufficient inaction by the City to set forth a *Monell* claim.  *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("The inference that a policy existed may . . . be drawn from circumstantial proof, such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction.").  The motion for judgment on those bases is therefore **denied**.

The City Defendants correctly argue that, because Cummings

was a pretrial detainee, the Eighth Amendment does not apply to her allegations. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (rights of pretrial detainees arise under "the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eight Amendment"). Plaintiff's Eighth Amendment claim is therefore **dismissed**.

Finally, the City Defendants' motion for judgment with respect to Plaintiff's lack of society claim is **granted** to the extent discussed above.

### III. Medical Defendants' Motion to Dismiss

The Medical Defendants have moved to dismiss Plaintiff's allegations of deliberate indifference, and to bar Plaintiff's punitive damages claims as futile. As the Court ruled during the April 10 hearing, the objection to the punitive damages claim is **overruled** without prejudice, and Plaintiff may pursue this claim in discovery.

The deliberate indifference claim may also proceed. To state a Section 1983 claim for deliberate indifference to a serious medical need under the Due Process Clause, a pretrial detainee must satisfy two prongs: that the deprivation was sufficiently serious to constitute an objective deprivation of the right to due process, and that the defendant acted with at least deliberate indifference in denying medical care. *See Darnell*, 849 F.3d at 29, 33. Here, Plaintiff has adequately

5

alleged that Cummings had serious medical and mental health issues that went largely untreated, such that the Medical Defendants may, if the claims are supported by sufficient evidence, be held liable for deliberate indifference. The Medical Defendants' motion to dismiss Plaintiff's deliberate indifference claim is therefore **denied.**

The Medical Defendants' motion to dismiss Plaintiff's lack of society claim is **granted**, and that claim is **dismissed** to the extent set forth above.

**IV.  Under Advisement**

The following issues remain under advisement and will be addressed in a separate order: (1) whether Correction Law 500-c limits liability for the safekeeping of inmates to the Sheriff, or whether other parties, such as the County of Erie, may also be held liable for the failure to keep an inmate safe from harm; (2) whether the Sheriff's Department is a separate legal entity that may be sued, or is merely an administrative department within the County such that only the County can be sued for actions of the Department; and (3) whether claims against University Psychiatric Practice, Inc. are limited to vicarious liability.

**V.  Conclusion**

As forth above, and subject to a subsequent opinion on the issues identified as being under advisement, the motion for judgment on the pleadings filed by the County of Erie, the Erie

County Sheriff's Department, and Erie County Sheriff Timothy B. Howard (collectively "County Defendants") (ECF No. 10) is **granted** in part and **denied** in part; the motion for judgment on the pleadings filed the City of Lackawanna and the Lackawanna Police Department (collectively "City Defendants") (ECF No. 28) is **granted** in part and **denied** in part; and the motion to dismiss filed by defendants Peter Martin, M.D., Evelyn Coggins, M.D., and Tom Chapin, N.P. (collectively "Medical Defendants") (ECF No. 35) is **granted** in part and **denied** in part.

Dated at Burlington, in the District of Vermont, this 12th day of April, 2018.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge