UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

TAWANA R. WYATT, as                    )
Administrator of the Estate            )
of INDIA T. CUMMINGS,                  )
                                       )
        Plaintiff,                     )
                                       )
            v.                         )     File No. 1:17-cv-446-wks
                                       )
CITY OF LACKAWANNA, CITY OF            )
LACKAWANNA POLICE DEPARTMENT,          )
OFFICER JOHN-PAUL FIGLEWSKI,           )
OFFICER BALCARCZYK, OFFICER            )
JONES, CAPTAIN JOSEPH LEO,             )
CAPTAIN ROBERT JANOWSKI,               )
COUNTY OF ERIE, ERIE COUNTY            )
SHERIFF'S OFFICE, SHERIFF              )
TIMOTHY B. HOWARD, SHERIFF'S           )
DEPUTY BEARING BADGE 1079,             )
AMY JORDAN, R.N., BRIDGET              )
LEONARD, HOLLANI GOLTZ, JILL           )
LOBOCCHIARO, UNIVERSITY                )
PSYCHIATRIC PRACTICE, INC.,            )
PETER MARTIN, M.D., EVELYN             )
COGGINS, M.D., TOM CHAPIN,             )
M.D., ERIE COUNTY MEDICAL              )
CENTER CORPORATION, GERALD             )
IGOE, M.D., TARA M. CIESLA,            )
P.A., UNIVERSITY EMERGENCY             )
MEDICAL SERVICES, INC.,                )
                                       )
        Defendants.                    )

**<u>OPINION AND ORDER</u>**

Plaintiff Tawana Wyatt, as administrator of the Estate of
India Cummings, brings this action alleging mistreatment related
to Cummings' arrest, incarceration, and medical care.  The Court
previously dismissed the federal claims brought against
Defendants Gerald Igoe, M.D., Tara M. Ciesla, P.A., and

University Emergency Medical Services, Inc. ("UEMS")

(collectively "UEMS Defendants"), as well as the federal claims

brought against Erie County Medical Center Corporation

("ECMCC").  The Court also remanded the state law claims brought

against those Defendants to state court.

The UEMS Defendants and ECMCC now move the Court to dismiss

the cross-claims filed against them by co-defendants.  Those

cross-claims seek indemnity and/or contribution.  For the

reasons set forth below, the motions to dismiss are granted and

the cross-claims are dismissed without prejudice.

### Factual Background

Wyatt alleges that on February 1, 2016, Cummings was

arrested and detained at the Erie County Holding Center.  While

in police custody she suffered a spiral fracture of her left

humerus.  She was subsequently transported to the Emergency

Department at Erie County Medical Center ("ECMC") for treatment.

There, she was treated by Dr. Igoe and Ms. Ciesla, both of whom

are employees of UEMS.  UEMS reportedly contracts with ECMCC to

provide emergency medical services.  Cummings was discharged

from the hospital after midnight and returned to Erie County

Holding Center.

Over the course of the following two weeks, Cummings

allegedly became delusional and refused to eat or drink.  On

February 17, 2016, she lost consciousness and showed no

2

observable heart rate or respiration.  She was transported to
Buffalo General Hospital where she was diagnosed with cardiac
arrest, severe dehydration, malnutrition, and organ failure.
She died at the hospital four days later.

The First Amended Complaint ("FAC") asserted three causes
of action against the UEMS Defendants.  Two of those causes of
action alleged medical malpractice, while the third alleged
violations of Cummings' civil rights under 42 U.S.C. § 1983.
The FAC similarly asserted three causes of action against ECMCC:
one for medical malpractice, one for federal civil rights
violations, and one for wrongful death.  The FAC claimed that
Dr. Igoe, Ms. Ciesla and ECMCC failed to properly diagnose and
treat Cummings' physical and mental health conditions prior to
her discharge on February 2, 2016.

The UEMS Defendants and ECMCC each moved to dismiss the
FAC, arguing that Plaintiff had failed to state a claim under 42
U.S.C. § 1983 because the allegations against them fell short of
deliberate indifference, as required for a federal claim.  They
also argued that in the absence of a valid federal claim, the
Court lacked jurisdiction over the remaining state law claims.
The Court agreed, dismissed Plaintiff's claims without prejudice
and granted leave to amend the pleadings.

Plaintiff subsequently filed a Second Amended Complaint
("SAC"), asserting four causes of action against the UEMS

defendants, including medical malpractice claims and a
constitutional claim under 42 U.S.C. § 1983.  Plaintiff also
added a "*Monell* claim" against UEMS.  The SAC similarly asserts
four causes of action against ECMCC: one for medical
malpractice, two under Section 1983, and one for wrongful death.
The SAC highlights medical notes documenting Cummings' statement
"that a man assaulted her, and pulled on her arm, breaking it."
The ECMC Summary/Departure report noted that Cummings offered
"multiple stories for arm injury.  Refusing to cooperat[e] w/ MD
... MD aware and in to see patient."  The medical records also
allegedly state that the "[p]atient sustained an MVC" and was
"unable to recall the details of the accident, questionable loss
of consciousness, belted driver with airbag deployment.  Patient
is uncertain when she sustained her injury."

     The SAC claims that the nature of Cummings' statements
"should have alerted the ECMCC medical staff, including [Dr.
Igoe and Ms. Ciesla], to perform a further workup including a
chest x-ray and Mental Health referral, which they failed to so
perform."  The SAC further claims that Defendants failed to
diagnose a medical condition revealed by Cummings' blood work,
which condition "may have contributed to her altered mental
state."  In sum, Plaintiff alleges that Cummings should not have
been transferred from ECMC to ECHC on February 2, 2016 because
it was "evident to [Defendants] that she required immediate

4

mental health diagnosis and treatment, and required further diagnosis concerning her physical condition." Allegations specific to ECMCC focus on the availability of forensic mental health beds.

The UEMS Defendants and ECMCC moved to dismiss the federal causes of action brought against them for failure to state a claim, and to dismiss the state law claims for lack of supplemental jurisdiction. The Court granted the motions, finding in part that the UEMS Defendants do not qualify as state actors for purposes of suit under 42 U.S.C. § 1983. The Court also found that Plaintiff had failed to allege deliberate indifference, and that the claims against UEMS and ECMCC did not offer plausible allegations of constitutional violations.

With the federal claims against them now dismissed, the UEMS Defendants and ECMCC continue to face cross-claims brought by various co-defendants. Those cross-claims assert entitlements to contribution, apportionment and/or indemnification in the event of an adverse judgment. Cross-claimants include: University Psychiatric Practice, Inc., Peter Martin, M.D. Evelyn Coggins, M.D., and Tom Chapin, N.P. (the "UPPI Defendants"); Amy Jordan, R.N.; the City of Lackawanna, the City of Lackawanna Police Department, Officer Balcarczyk, Captain Joseph Leo, Officer Jones, Officer John-Paul Figlewski, and Captain Robert Janowoski; and the County of Erie, Erie

County Sheriff Timothy B. Howard, Sheriff's Deputy Walter J.
Halliday, Bridget Leonard, Hollani Goltz, and Jill Lobociarro
(the "County Defendants").  Those co-defendants filed their
answers and cross-claims prior to the Court's most-recent ruling
on the motions to dismiss the federal claims against the UEMS
Defendants and ECMCC.

Now before the Court are motions by the UEMS Defendants and
ECMCC to dismiss the cross-claims.  The UPPI Defendants, the
County Defendants, and Defendant Amy Jordan have opposed the
motions.

## Discussion

The arguments in the two motions to dismiss are nearly
identical, asserting first that cross-claims brought under 42
U.S.C. § 1983 should be dismissed for the reasons set forth in
the Court's prior ruling.  The cross-claimants allege no
additional facts beyond those in the SAC to support
constitutional claims, and courts in this Circuit have widely
held that there is no right to indemnification or contribution
under Section 1983.  *See, e.g., Castro v. Cty. of Nassau*, 739 F.
Supp. 2d 153, 184 (E.D.N.Y. 2010); *Rodriguez v. City of New
York*, No. 06 Civ. 9438(LAK), 2007 WL 4145407, at *2 (S.D.N.Y.
Nov. 16, 2007); *Hayden v. Hevesi*, No. 05 Civ. 0294E (SR), 2007
WL 496369, at *4 (W.D.N.Y. Feb. 12, 2007); *M.O.C.H.A. Society,
Inc. v. City of Buffalo*, 272 F. Supp. 2d 217, 221 (W.D.N.Y.

2003).  Moreover, because the Plaintiff's Section 1983 claims
against the UEMS Defendants and ECMCC have been dismissed, there
is no basis for liability.  *See Moroughan v. Cty. of Suffolk*,
No. 12CV0512JFBAKT, 2021 WL 298714, at *43 n.34 (E.D.N.Y. Jan.
20, 2021).  The cross-claims based upon Section 1983 liability
are therefore dismissed without prejudice.

The UEMS Defendants and ECMCC also argue that the cross-
claimants have failed to state plausible claims for either
common law or contractual indemnification, and that such cross-
claims should be dismissed with prejudice.  The cross-claimants
argue that dismissal of their claims at this stage in the case
would be premature.  Arguing in the alternative, the cross-
claimants ask the Court to remand their cross-claims, in the
form of third-party claims, to state court.

For support of her contention that dismissal of the cross-
claims would be premature, Defendant Jordan relies largely on
*Crews v. County of Nassau*, 612 F. Supp. 2d 199 (E.D.N.Y. 2009).
The *Crews* decision first considered whether Section 1983 or
federal common law provide for contribution.  After a lengthy
review of the relevant case law and policy considerations, the
court concluded "as a matter of law there is no contribution
claim for section 1983 liability."  612 F. Supp. 2d at 213.

*Crews* next examined whether a contribution claim could
exist with respect to pendant state law claims.  *Id.* at 214-19.

7

The court ultimately found that allowing a contribution claim based on state law would delay discovery, introduce novel and complex issues, frustrate judicial economy, and present a substantial risk of jury confusion.  *Id.* at 218.  Accordingly, the court denied the motion to implead to bring a third-party complaint for contribution.  *Id.* at 219.

*Crews* does not support the cross-claimants' contention that dismissal of their contribution/indemnification claims would be premature.  Because this Court has dismissed the Section 1983 claims against the UEMS Defendants and ECMCC, those parties and the federal claims against them are no longer a part of this case.  And because there is no basis for contribution or indemnification under Section 1983 or federal common law, those same defendants would remain in the case only by virtue of the state law cross-claims being brought against them.  Those cross-claims would be levied on the basis of Plaintiff's state law claims, including claims of medical malpractice, which have now been remanded to the state court.  As warned in *Crews*, allowing such claims to remain in this case would pose a significant threat to judicial inefficiency, as well as likely juror confusion resulting from the introduction of parties and claims that are not a part of the Plaintiff's case.

Arguing in the alternative, Defendant Jordan asks this Court to remand her cross-claims to state court.  More

specifically, Jordan argues that "[j]udicial efficiency is promoted by converting any surviving state law cross-claims into third party claims and allowing the entirety of this common set of questions and facts to be determined within the same forum." ECF No. 172-1 at 6.  Jordan also asks the Court to refrain from reviewing the legal merits of her claims for either contribution or indemnification, and to instead leave those considerations for the state court.

The UEMS Defendants and ECMCC argue that instead of remand, the cross-claims should be dismissed on the merits.  The cross-claimants, in particular the UPPI Defendants, counter that the contribution and indemnification claims stand on firm ground under New York statutory and common law.  Like Jordan, the UPPI Defendants also ask the Court to convert their cross-claims to a third-party complaint.  If the cross-claims are to be dismissed, the UPPI Defendants ask that dismissal be without prejudice to re-filing.

The Court has remanded the state law claims against the UEMS Defendants and ECMCC.  With the Plaintiff's case against those Defendants now entirely in state court, any related claims for indemnification or contribution should be brought there as well.  Indeed, the cross-claims are based on state law theories of liability (*e.g.* medical malpractice), and with Section 1983 providing no relief, the claims for contribution and indemnity

will themselves be grounded in state law.  The Court therefore makes this determination as a matter of subject matter jurisdiction, as well as in the interests of judicial economy, efficiency, and as discussed above, to avoid juror confusion.

The Court will not convert the cross-claims to third-party claims, *see Sanders v. City of New* York, 692 F. Supp. 308, 313 (S.D.N.Y. 1988) (declining to convert cross-claims to third-party claims absent a motion to convert and in light of leave to amend), but instead dismisses the cross-claims without prejudice such that they may be re-filed in the remanded state court action or elsewhere.  Whether those third-party claims have legal merit will likely involve questions of state law, which are best determined by a state court.

## Conclusion

For the reason set forth above, the motions to dismiss cross-claims (ECF Nos. 167, 168) are granted, and the cross-claims brought against the UEMS Defendants and ECMCC are dismissed without prejudice.


DATED at Burlington, Vermont, this 4th day of March, 2021.


/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge