```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                    WESTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| TAWANA R. WYATT, as ) <br> Administrator of the Estate ) <br> of INDIA T. CUMMINGS, ) <br>  ) <br>      Plaintiff, ) <br>  ) <br>           v.    ) <br>  ) <br> CITY OF LACKAWANNA, CITY OF ) <br> LACKAWANNA POLICE DEPARTMENT, ) <br> OFFICER JOHN-PAUL FIGLEWSKI, ) <br> OFFICER BALCARCZYK, OFFICER ) <br> JONES, CAPTAIN JOSEPH LEO, ) <br> CAPTAIN ROBERT JANOWSKI, ) <br> COUNTY OF ERIE, ERIE COUNTY ) <br> SHERIFF'S OFFICE, SHERIFF ) <br> TIMOTHY B. HOWARD, SHERIFF'S ) <br> DEPUTY BEARING BADGE 1079, ) <br> AMY JORDAN, R.N., BRIDGET ) <br> LEONARD, HOLLANI GOLTZ, JILL ) <br> LOBOCCHIARO, UNIVERSITY ) <br> PSYCHIATRIC PRACTICE, INC., ) <br> PETER MARTIN, M.D., EVELYN ) <br> COGGINS, M.D., TOM CHAPIN, ) <br> M.D., ) <br>  ) <br>      Defendants. ) | File No. 1:17-cv-446-wks |

**OPINION AND ORDER**

Plaintiff Tawana Wyatt, as administrator of the Estate of India Cummings, brings this action alleging mistreatment related to Cummings' arrest, incarceration, and medical care. Pending before the Court is Plaintiff's motion for extension of time to complete discovery and motion to compel certain depositions (ECF No. 188); a Defendants' motion to strike the notice of deposition served on the County of Erie and for extension of

time to complete discovery (ECF No. 190); and two Defendants' motions to bifurcate and stay discovery related to Plaintiff's *Monell* claims (ECF No. 190, 192).  For the reasons set forth below, the motions for extension of time are granted and the remaining motions are denied.

## Factual Background

Wyatt alleges that on February 1, 2016, Cummings was arrested and detained at the Erie County Holding Center.  While in police custody she suffered a spiral fracture of her left humerus.  She was taken to the hospital for treatment, then returned to the holding center.  Over the course of the following two weeks, she allegedly became delusional and refused to eat or drink.  On February 17, 2016, she lost consciousness and showed no observable heart rate or respiration.  She was transported to Buffalo General Hospital where she was diagnosed with cardiac arrest, severe dehydration, malnutrition, and organ failure.  She died at the hospital four days later.

The Second Amended Complaint ("SAC") brings a series of causes of action alleging, among other things, unconstitutional deprivation of medical care and *Monell* liability.  ECF No. 106. The *Monell* defendants include the County of Erie and Sheriff Timothy Howard.  *Id.* at 63-67, ¶¶ 303-313.  The Court previously dismissed Plaintiff's federal claims brought against certain medical providers and remanded other claims to state court.  ECF

2

No. 166. As a result, there is a related case pending in state court. *See Wyatt v. Erie County Medical Center*, 805746/2017 (Sup. Ct., Erie County). There is also a third related case pending in this federal district. *See Wyatt v. Kozlowski, et al.*, 1:19-cv-00159-EAW-LGF.

## Discussion

### I. Motions for Extension of Time to Complete Discovery

Plaintiff and the Erie County Defendants[1] have both moved the Court for an extension of time in which to complete discovery. Given the number of parties involved, the many related counsel, and the desire of counsel in the three related cases to conduct depositions jointly, Plaintiff reports that it has been difficult to schedule those depositions. The Court finds that the complexity of the case, the logistical challenges presented by coordinating discovery in multiple cases, and the reasonable desire to conduct discovery jointly constitute good cause for an extension of the discovery schedule. *See* Fed. R. Civ. P. 16(b)(4). The motions for extension of time (ECF Nos. 188, 190) are therefore **granted**, and the parties shall submit to the Court a revised, stipulated discovery schedule within 30 days of the date of this Opinion and Order.

---

[1] The Erie County Defendants include the County of Erie, the Erie County Sheriff's Office, Erie County Sheriff Timothy B. Howard, Erie County Deputy Walter J. Haliday, Bridget Leonard, Hollani Goltz and Jill Lobocchiaro.

**II.  Motion to Compel Depositions**

Plaintiff also moves for "Court intervention" with respect to the scheduling of Erie County Sheriff Deputies' depositions. ECF No. 188-1 at 2.  Plaintiff's counsel subsequently reported that "all counsel have put forth their best efforts to schedule depositions of Erie County Sheriff Deputy defendants in the related action Wyatt v. Kozlowski," and that as of April 2023 he was still awaiting dates of availability for other Erie County individual defendants.  ECF No. 195 at 2.  The Court therefore finds that judicial action with respect to such depositions would be premature.

The Erie County Defendants address Plaintiff's request for Court intervention to the extent it is a motion to compel the deposition of former Sheriff Howard.  The Erie County Defendants argue that Sheriff Howard is a high-ranking government official and, as such, may only be deposed in exceptional circumstances. ECF No. 190-6 (citing *Moriah v. Bank of China*, 72 F. Supp. 3d 437, 440 (S.D.N.Y. 2014)).  The Second Circuit has held that "to depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition — for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or

4

intrusive means." *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013).

Plaintiff submits that, upon information and belief, Sheriff Howard had a role in the investigation of Cummings' death. Plaintiff also contends that Sheriff Howard had personal involvement with the creation of policies and procedures at the Erie County Holding Center. Finally, Plaintiff alleges that Howard no longer serves as the Sheriff of Erie County and that a deposition would thus not interfere with his ability to perform his official duties. While the Court accepts Plaintiffs' representations and encourages the parties to reconsider Howard's availability for deposition, the Court will not compel a deposition in the absence of a formal motion to compel. *See* Fed. R. Civ. P. 37. Plaintiff's motion to compel is denied without prejudice.

The Erie County Defendants also object to any Court action with respect to the deposition of a County representative, arguing that the deposition notice is defective. Plaintiff responds that counsel "intends to confer in good faith in an effort to schedule depositions with Defendant County of Erie. If this Court so directs, an Amended Deposition Notice directed to the County of Erie will be served." ECF No. 195-1. The Court therefore finds again that judicial action would be premature, aside from noting that any deposition notice to the

5

County must follow the requirements in Federal Rule of Civil Procedure 30(b)(6).  The motion to strike is denied without prejudice.

**III. Bifurcation and Stay of Discovery**

The Erie County Defendants, together with a group of medical defendants,[2] move the Court to bifurcate and stay discovery relative to Plaintiff's *Monell* claims, arguing that Plaintiff should be required to show an underlying constitutional violation before proceeding to discovery of institutional policies or customs.  *See, e.g.,* ECF No. 192-2 at 4; *see also Segal v. City of New York,* 459 F.3d 207, 219 (2d Cir. 2006) (a municipality can face suit under Section 1983 only if its "failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation").

Federal Rule of Civil Procedure 26(c) allows the Court to stay discovery upon a showing of good cause.  Fed. R. Civ. P. 26(c).  Under Federal Rule of Civil Procesure 26(b), "[a] district court has wide latitude to determine the scope of discovery."  *In re Agent Orange Prod. Liability Litig.*, 517 F.3d 76, 103 (2d Cir. 2008).  Courts utilize this broad discretion to ensure that each party is "afforded a meaningful opportunity to

---

[2]  The medical defendant movants include Peter Martin, M.D., Evelyn Coggins, M.D., Tom Chapin, N.P., and University Psychiatric Practice, Inc.  *See* ECF No. 192-2.

establish the facts necessary to support his claim." *Id* at 103 (citing *Long Island Lighting Co. v. Barbash*, 779 F.2d 793, 795 (2d Cir. 1985)).

"As a general matter, courts in the Second Circuit favor bifurcation of *Monell* discovery until at least a plaintiff has survived summary judgment on the underlying issues of any individual state actor in fact violated plaintiff's constitutional rights." *Gugino v. City of Buffalo*, No. 21-CV-283V(F), 2022 WL 5240162, at *2 (W.D.N.Y. Oct. 6, 2022); *but see Crawley v. City of Syracuse*, No. 5:17-CV-1389, 2018 WL 3716782, at *4 (N.D.N.Y. Aug. 3, 2018) ("Bifurcation is the exception rather than the rule."). In determining whether to stay discovery, a court should weigh, "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted).

The Erie County Defendants represent that they do not consider document requests for written policies and procedures to be *per se Monell* discovery. ECF No. 190-6 at 8 n.1. A stay would therefore apply primarily to depositions. As noted above, the scheduling of depositions in this case has been complicated given the number of parties, attorneys, and pending actions

7

involved.  To delay consideration of *Monell* issues could necessitate recalling certain witnesses, thus adding further complexity to the Plaintiff's already-challenging situation.

Furthermore, even if the Court finds that individual defendants are not liable, as it might if they successfully assert qualified immunity, the Court would nonetheless need to determine whether the municipality is liable.  *See Lopez v. City of New York*, No. 20-CV-2502 (LJL), 2021 WL 2739058, at *2 (S.D.N.Y. July 1, 2021).  Also, if the Court is asked to consider qualified immunity defenses, it may not need to address the alleged underlying constitutional violations, as it could instead proceed to the question of whether such alleged violations were clearly established.  *See Reichle v. Howards*, 566 U.S. 658, 664 (2012).  Such analysis would frustrate the goal of bifurcation which, as movants argue, would be to delay *Monell* discovery until the summary judgment on the question of constitutional vioaltions.

Finally, this case has been pending since 2017. Bifurcation would lead only to further delay.  The motions to bifurcate and stay discovery are therefore denied.

## Conclusion

For the reasons set forth above, the parties' motions for extension of time to conduct discovery (ECF Nos. 188, 190) are granted; Plaintiff's motion to compel depositions (ECF No. 188)

is denied; the Erie County Defendants' motion to strike Plaintiff's notice of deposition (ECF No. 190) is denied; and the pending motions to bifurcate and stay discovery (ECF Nos. 190, 192) are denied.  The parties shall submit to the Court a revised, stipulated scheduling order within 30 days.

DATED at Burlington, Vermont, this 5th day of February, 2024.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge